FILED
JAN 23 2006
LAL
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Brian Williams, )
    Plaintiff, )
)
vs. ) **06C 0365**
)
City of Chicago, a Municipal ) **JUDGE KENDALL**
Corporation, Peter Arpaia, Star # 1510, )
Andrew Dakuras, Star # 6643, )
Eric Cato, Star #14274, Peter White, Star # ) No.
5367, Robert Woods, Star # 15143, )
Stanley Figus, Star # 18305, Scott Hall, Star ) **MAGISTRATE JUDGE MASON**
# 12973, Angel Amador, Star # 19941, )
Craig Dunderdale, Star #12346, Chris )
Witczak, Star # 9251, Mark Jaeger, Star # )
9974, Christopher McHugh, Star # 3813, )
City of Chicago Police Officers, )
In Their Individual Capacities, )
    Defendants. )

## COMPLAINT AT LAW

### Jurisdiction

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, § 1988; 28 U.S.C. § 1331, § 1343(a), and the Constitution of the United States.

### Parties

2.     Brian Williams is a resident of Cook County, Illinois.

3.     Defendant City of Chicago, is an Illinois municipal corporation.

4.     At all relevant times, Defendant officers were duly licensed police officers with the Defendant City of Chicago, a municipal corporation, and were acting in the course and scope of their employment and under color of law.

1

Facts

5. On or about March 18, 2004, Plaintiff Brian Williams was at 309 N. Lamon Chicago, Cook County, Illinois.

6. Then and there, one or more of the Defendant officers stopped, seized, searched, detained, and/or arrested Plaintiff.

7. During this seizure, one or more of the Defendant officers willfully caused excessive bodily harm to Plaintiff, without any legal justification.

8. Defendant officer(s) did not have a reasonable basis for using the amount of force used against the Plaintiff.

9. During the seizure, one or more of the Defendant officers willfully caused excessive bodily harm to Plaintiff without any legal justification, while one or more of the other Defendant officers failed to intervene to protect Plaintiff from such willfully caused excessive bodily harm despite a duty to do so.

10. As the direct and proximate result of all of the aforementioned actions by Defendant officers, Plaintiff suffered pain and suffering, bodily injury, disfigurement, medical expenses, as well as psychological damage and injury.

### COUNT I – 42 U.S.C. § 1983 Excessive Force

11. Plaintiff re-alleges all prior allegations.

12. The actions of Defendant officers in physically abusing and otherwise using unreasonable, unjustifiable, and excessive force against Plaintiff, and in failing to intervene to protect the Plaintiff from such unreasonable, unjustifiable, and excessive force, violated Plaintiff's rights under the Fourth Amendment to the

United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers, houses and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

13. The actions of Defendant officers were the direct and proximate cause of the Plaintiff's injuries, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, and §1988, Plaintiff demands judgment against Defendant officers, jointly and severally, compensatory damages against them, and because they acted maliciously, wantonly, or oppressively, joint and several substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II–745 ILCS 10/9-102 Indemnification
### Defendant City of Chicago

14. Plaintiff realleges what has been previously alleged in this Complaint.

15. Defendant City of Chicago was the employer of the Defendant officers at the time of this incident.

16. Defendant officers committed the aforementioned willful and wanton acts alleged above under color of law and in the course and scope of their employment as City of Chicago police officers.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should any of the Defendant officers be found liable on one or more of the claims set forth above, Plaintiff demands that the Defendant City of Chicago be liable for any judgment (other than punitive damages) he obtains thereon against said Defendants.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

By /s/ Neil Toppel
Neil Toppel,
One of the Plaintiff's Attorneys.

Dvorak & Toppel
Attorneys At Law
3859 W. 26th St.
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)